BANKERS INDEMNITY INS. CO. v.
McC. LEAKE.*

No. 8038.

Circuit Court of Appeals, Fifth Circuit.

June 12, 1936.

Jas. G. Schillin and Eraste Vidrine, both of New Orleans, La., for appellant.

C. Ellis Henican and Johnston Armstrong, both of New Orleans, La., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The appellee sued for personal injuries sustained by her in an automobile wreck which occurred on July 2, 1933, on a country road in Louisiana. She was riding as a guest of William G. Rebentisch, owner and driver of the car, who was insured by appellant against liability resulting from his negligence. As permitted by Louisiana statute (Act No. 55 of 1930), the suit was brought against the insurance company alone, and resulted in a verdict and judgment for the appellee.

The evidence for the plaintiff tended to show that the car was being driven at approximately thirty miles an hour when there was a blow-out in the right rear tire; that the driver immediately turned his head to the right until his chin was nearly on a line with his right shoulder, and said to the other four occupants of the car, "don't get excited"; that he put his foot upon the accelerator instead of upon the brake

*Rehearing denied July 16, 1936.

and the car shot forward rapidly, increasing its speed to forty miles an hour; that it swerved first slightly to the left, then abruptly to the right, and ran off the road into a ditch, causing serious injury.

Having abandoned an original ground of negligence that the owner was using the car with a defective tire, which he knew or ought to have known was dangerous, the appellee now predicates her claim for affirmance of the judgment upon the finding of the jury that the driver was negligent in the operation of the car after the blow-out had occurred. The appellant denies this, and insists that the court erred in not peremptorily directing a verdict for the defendant. It contends that Rebentisch, who had always been a careful driver, was proceeding at a lawful rate, with the car under control, until the blow-out occurred, which caused an emergency beyond the control of the driver, and that, if he made a mistake of judgment in handling the car, the law excuses him because of the emergency which came without his fault.

We think the issue was properly left to the jury to decide whether the blow-out or the alleged negligent operation of the car, intervening after the blow-out, was the direct and proximate cause of the injury; and further whether the blow-out caused such a situation as to excuse the driver for conduct which, under normal conditions, might be considered as improper or careless in operating an automobile.

It is not reasonable to expect one suddenly placed in a position of danger to exercise the same cool and correct judgment as he is able to form when he has ample opportunity for the full use of his faculties; but nevertheless he is required to exercise reasonable care in the circumstances. It was conceded in this case that the car was being carefully driven at the time of the blow-out; it was also conceded on the argument before this court that no negligence was attributable to the owner because thereof.

We are unable to say, and we think the trial court was correct in declining to hold, as a matter of law, that an emergency was created which relieved the driver of the responsibility for consequences which otherwise would be fairly attributable to his negligence. This was a question of fact which properly belonged to the jury, who, if they found that it existed, were required to take the emergency into consideration in determining whether the driver exercised

reasonable skill and care for the protection of the guests in his car.

There is no assignment of error relating to specific instructions to the jury, given or refused by the court, other than its refusal to instruct the jury to find for the defendant.

Affirmed.